KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

HAYWOOD S. GILLIAM, JR. (CSBN 172732)
CHRISTINA HUA (CSBN 185358)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7212
    FAX: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MARY ANN LOCKE,<br>a/k/a Mary Ann Diaz,<br><br>    Defendant. | No. CR 05-00542 CRB<br><br>**STIPULATION AND**<br>**[PROPOSED] PROTECTIVE ORDER** |

    A. On December 24, 2003, Farmers Insurance Group ("Farmers" or the "Company") received a subpoena *duces tecum* (the "Subpoena") calling for the production of certain documents to the United States Attorney's Office for the Northern District of California (the "Government").

    B. Pursuant to the Subpoena, Farmers produced to the Government certain documents, materials, and information bearing Bates-stamp numbers FARM 000001 through FARM 046835 (the "Company Materials") relating to the Company's interactions with the Wersching Agency and the Company's internal review of the Wersching Agency and its principals.

    C. As reflected in a letter agreement between the Government and Farmers, dated April 13,

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 05-00542 CRB

2004 (the "Confidentiality Agreement"), Farmers produced the Company Materials to the Government with the understanding that Farmers had a common interest with the Government and that Farmers did not waive the protections of the attorney work product doctrine, the attorney-client privilege or any other applicable protection in producing the Company Materials to the Government.

D. On August 24, 2005, the Government filed with this Court the indictment in this case (the "Indictment"), and absent Farmers' assertions of privilege, the Government would produce the Company Materials to Locke pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

E. Farmers has agreed not to object to the production of the Company Materials by the Government to Locke in consideration of the protections afforded in this protective order.

F. The terms of this Order are as follows:

1. To the extent the Company Materials are produced to Locke, the Company Materials shall be used by Locke solely for the purpose of defending against the Indictment, as set forth more specifically in paragraph 2, *infra,* and shall not be used or provided to any other person or entity for any other purpose.

2. Except with the prior written consent of Farmers, or upon prior order of this Court obtained upon notice to Farmers' counsel, Lawrence S. Spiegel, Esq., Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), Locke may not disclose the Company Materials to any person other than:

(a) counsel of record in this case for use in this case only;

(b) personnel of such counsel as necessary to assist counsel prepare for and defend in this case;

© consultants or expert witnesses retained for the defense in this case, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by Locke's counsel and made available for inspection by the Court, Farmers' counsel or counsel for the Government, during the pendency or after the termination of this case) before being shown or given the Company Materials; and

(d) the Court and Court personnel in connection with this case.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 05-00542 CRB

1        3.    Any persons receiving the Company Materials shall not reveal or discuss the contents of the Company Materials to or with any person who is not entitled to receive such information, except as set forth herein.

       4.    All provisions of this Order shall continue to be binding after the conclusion of this case, unless otherwise ordered. Upon conclusion of this case, Locke shall return the Company Materials and all papers containing or making reference to the contents of the Materials to the Government within thirty (30) days after conclusion of this case.

       5.    Farmers contends that the production or use of the Company Materials pursuant to this Order does not constitute a waiver of any applicable privilege or work product protection. Locke and the Government will not assert that Farmers' production, pursuant to the Confidentiality Agreement, or any use of the Company Materials in this case constitutes a waiver of any applicable privilege or work product protection.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 05-00542 CRB

6. If any person receiving material covered by this Order is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks any of the Company Materials or any papers containing or making reference to the contents of any of the Company Materials, the person receiving the subpoena or document demand shall give prompt written notice to the Government and to Skadden, and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

IT IS SO STIPULATED.

DATED: 10/05/05  /S/ Christina Hua
HAYWOOD GILLIAM
CHRISTINA HUA
Assistant United States Attorneys

DATED: 10/05/05  /S/ Steven G. Kalar
STEVEN G. KALAR
Assistant Federal Public Defender
Counsel for Mary Ann Locke

## ORDER

In light of the stipulation and agreement of the parties to this action, and good cause appearing therefor, it is HEREBY ORDERED that disclosure of the above-described information shall be restricted as set forth in Paragraphs F(1) through F(6) above.

DATED: October 05, 2005



CHARLES R. BREYER
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 05-00542 CRB